## SYLVESTER SCHENCK v. THE STATE.

No. 12537. Delivered May 8, 1929.

The opinion states the case.

*O. M. Wylie* of Archer City, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The appellant pleaded guilty and made application for suspended sentence. The jury returned a verdict in accordance with his plea, fixing the penalty at one year's confinement in the penitentiary, but declined to suspend the sentence. Appellant's motion for new trial set up that after their retirement the jury received other testimony. The court heard testimony at the time the motion for new trial was presented. Same is preserved in a statement of facts. From same we learn that while some of the witnesses swore on the trial of the main case that appellant lived at home with and helped his mother, other witnesses swore that his mother was well fixed and did not need his help. Though seemingly not relevant to the issue of appellant's good reputation or prior freedom from crime or criminal conviction, this testimony put into the case the issue of the need of appellant's help by his mother, and this matter became properly debatable in the jury room.

Some of the jurors said it was mentioned in the jury room that appellant's brothers were law violators; a greater number of the jurors, however, affirmed that such fact was not mentioned nor discussed. The question as to whether there was other testimony received by the jury in their retirement thus became an issue for the decision of the trial court. What was he to do. The two points presented, viz: that it was improper for the jury to discuss the question of appellant's mother's financial condition and her need of his help, and of the alleged discussion of the character of appellant's brothers and their troubles,—were for the court's decision. The first of these questions being germane to evidence before the court on the main trial, the discussion was not improper. In regard to the second of said questions, the preponderance of the testimony was against the contention that such testimony was received, or such discussion had by the jury while in their retirement. We are unable to believe the court abused his discretion in deciding the motion for new trial against appellant.

No error appearing, the judgment will be affirmed.

*Affirmed.*